## JAMES UDALL *versus* CHANDLER METCALF.

Where tickets in a lottery, not authorised by any law of this state, or of the United States, were sent by a person residing in another state, to an agent in this state, to sell, it was held, that as the sale of such tickets in this state is unlawful, no action could be maintained, by the person who sent the tickets, against the agent, to recover the money the latter might have obtained by a sale of the tickets.

ASSUMPSIT upon an account annexed to the writ as follows :—

Chandler Metcalf, to James Udall, Dr.

| | |
|---|---|
| February 6, 1827, To 30 tickets in the second class of the W. R. B. lottery, at $1,50 each, | $45,00 |
| March 6, 1827, To 100 tickets in ditto, | 150,00 |
| | 195,00 |

|  |  |  | Cr. |  |
|---|---|---|---|---|
| June 20, 1827 | By tickets returned, |  | $28,12 |  |
| " " " | By prize tickets, |  | 37,50 |  |
| " " " | By cash, |  | 33,00 |  |
|  |  |  | 98,62 |  |

Balance, $96,38.

There was also a count for money had and received.

The cause was submitted to the decision of the court upon the following facts.

The said lottery was duly granted by the legislature of Vermont, but was never allowed by any act of the legislature of this state, or of the United States.   The defendant, who resided in Hanover, in this county, agreed with the plaintiff to receive from him tickets at $1,50 each, to sell, the ordinary retail price being $2, and to return all that remained unsold on the day of the drawing of the lottery, which was the 20th June, 1827. The plaintiff resided in Vermont, and in pursuance of said agreement, sent the tickets mentioned in the account to the defendant, at Hanover, who there sold all that he did not return.

*W. Smith*, for the defendant, relied upon the cases *Roby* v. *West*, 4 N. H. Rep. 285, and *Hunt* v. *Knickerbocker*, 5 Johns, 327.

*E. R. Olcott*, for the plaintiff, contended, that the contract was made in Vermont, and that its validity, construction and effect were to be settled by the laws of that state.  And if the tickets were sold there to the defendant, even if the plaintiff knew that they were to be again sold in this state, that circumstance would not affect the contract.   As to this, the case of *Halmon* v. *Johnson*, Cowper, 341, is directly in point.

*By the Court.*   The tickets were sent by the plaintiff to the defendant in this state, to be sold, and all the tickets which the defendant sold were sold in this state.   The defendant was the agent of the plaintiff to sell the tick-

ets, and what the agent did, shows that the tickets were sent here with a view to be sold in violation of our laws. 8 Pick. 78, *Williams* v. *Woodman*

No action can be sustained in the courts of this state in favour of the plaintiff, to recover the money which the defendant received in such a transaction. Both parties were engaged in violating the laws, and the law leaves them to adjust the concern between them as they may. 2 Gallison, 560, *Fales* v. *Mayberry*.

It is said that the tickets were sold to the defendant in Vermont, where the sale was lawful. But we see no ground on which it can be held, as the case is stated, that there was a sale to the defendant any where. He was a mere agent to sell and account for what he sold at a certain price.

*Judgment for the defendant.*